## First Federal Savings & Loan Association of Scranton v. White et ux. No. 2

*Frank M. Walsh*, for plaintiff.
*Stanley Coar*, for defendants.

EAGEN, J., July 31, 1943.—We are requested herein to permit plaintiff to cause an execution to issue on a judgment entered on a mortgage bond. A petition is before the court in compliance with section 302 of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, as amended by the Act of October 6, 1942, 56 Stat. at L. 769, as follows:

"(1) The provisions of this section shall apply only to obligations secured by mortgage, trust deed, or other security in the nature of a mortgage upon real or personal property owned by a person in military service at

the commencement of the period of the military service and still so owned by him which obligations originated prior to such person's period of military service.

"(2) In any proceeding commenced in any court during the period of military service to enforce such obligation arising out of nonpayment of any sum thereunder due or out of any other breach of the terms thereof occurring prior to or during the period of such service the court may, after hearing, in its discretion, on its own motion, and shall, on application to it by such person in military service or some person on his behalf, unless in the opinion of the court the ability of the defendant to comply with the terms of the obligation is not materially affected by reason of his military service—

"(a) stay the proceedings as provided in this Act; or

"(b) make such other disposition of the case as may be equitable to conserve the interests of all parties

"(3) No sale, foreclosure, or seizure of property for nonpayment of any sum due under any such obligation, or for any other breach of the terms thereof, whether under a power of sale, under a judgment entered upon warrant of attorney to confess judgment contained therein, or otherwise, shall be valid if made after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 and during the period of military service or within three months thereafter, except pursuant to an agreement as provided in section 107, unless upon an order previously granted by the court and a return thereto made and approved by the court."

Defendants have answered the petition. No depositions were taken and counsel for plaintiff has agreed that the matter may be disposed of upon the pleadings. We must, therefore, assume that the facts well pleaded are true. The facts are substantially as follows: On

June 15, 1938, defendants executed and delivered to plaintiff a bond and mortgage in the principal of $8,700 payable in monthly instalments of $87, beginning July 15, 1938. Said monthly instalments were to be applied to the principal and interest, taxes, insurance premiums, and the payment of municipal liens.

The mortgage provided that, upon default in payment of any instalment for six months or by failure to pay the taxes on or before the last day of each year, then the entire balance would become due. The mortgage is in default because no payments have been made since April 29, 1942, and further because the taxes for 1940 and 1942 were not paid by defendants. Defendant J. William White was a practicing physician and surgeon and upon May 26, 1942, he entered the service of the United States armed forces. He was immediately commissioned a major, receiving a gross salary of $5,016 a year or $418 a month. There is a monthly deduction of $45 to cover the expenses incident to Army life. Upon his entry into the Army his family, consisting of a wife and child, moved out of the mortgaged premises and the same have been vacant since.

All of these facts are admitted in defendants' answer. However, it is alleged that before defendant J. William White entered the Army his income was approximately $10,000 to $12,000 a year and that the reduction in income has seriously affected his ability to meet his obligations, which have increased because of his military service. Defendants, therefore, aver that it is impossible to meet the conditions of the mortgage and bond involved herein and pray for relief under the Soldiers' and Sailors' Civil Relief Act set forth before.

We believe under the act the court is granted a wide discretion and should after a careful consideration of all the facts render equity to all concerned. For a full discussion of the act see 47 Dickinson Law Rev. 129.

In Davis, Exec., v. Brown, 46 D. & C. 123, 135, it was held that the act concerned "should not be treated as a blanket moratorium on all litigation against service men."

In Franklyn Society for Home Building & Savings v. Flavin, decided in February 1943, the Supreme Court of New York refused a stay in a case wherein the mortgage was in default before entry into the service. In Cortland Savings Bank v. Ivory, 27 N.Y.S. (2d) 313, the court directed the mortgagor to pay the interest and taxes on the property for the duration. This was done after due consideration was given to the Army pay of the mortgagor and the number of his dependents.

This is the first case of this kind to come before our court. We have studied the facts carefully and given them considerable thought. We heartily agree with the spirit and purpose behind the Soldiers' and Sailors' Civil Relief Act. Certainly the men in the armed services of this country, who receive comparatively small compensation, are entitled to every consideration and should have their rights and equities protected. However, all rights must be considered. We do not believe that the true test in determining whether or not a man's ability is materially affected is based upon the fact that his income in the Army is less than in civilian life, but rather whether his income in Army life is sufficient to enable him to live normally and meet his normal obligations without too much hardship. If the defendant in this case was of lower rank, with a smaller income, we believe his defense would be completely justified, and we would have no hesitation in telling the plaintiff—wait until the war is over and you will receive your money. However, in view of defendant's Army income and all of the other circumstances, we believe that some effort should be made to give the mortgagee a fair deal.

Therefore, we order that defendants pay to plaintiff beginning September 1, 1943, the sum of $50 each month. This will enable plaintiff to pay the taxes assessed against the property and also substantially cover the interest on the mortgage. This in our opinion will do equity to all parties.

Now, July 31, 1943, the rule to show cause granted May 14, 1943, is discharged without prejudice to plaintiff to renew its motion for authorization to issue an execution if defendants fail to comply with this order.